UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

    Plaintiff,

vs.

FIVE GUYS PROPERTIES, LLC
d/b/a Five Guys Burgers & Fries on S Dixie Highway,
FEDERICO JEN AND W ROSITA H DE JEN

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Five Guys Properties, LLC doing business as Five Guys Burgers & Fries on S Dixie Highway, Defendant Federico Jen and Defendant W Rosita H De Jen for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

1

3. Defendants Five Guys Properties, LLC, Federico Jen and W Rosita H De Jen are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" of compliance with the ADA/ADAAG at various public accommodations.

5. Defendant Five Guys Properties, LLC (also referenced as "Defendant Five Guys Restaurants," "operator," lessee" or "co-Defendant") is a foreign limited liability company which is authorized to transact business in Florida. Five Guys Properties, LLC is a subsidiary of Five Guys Enterprises, LLC which is a privately owned fast casual restaurant chain which has over 1,500 locations through the United States, Europe, the Middle East, and the Far East. Five Guys Burgers and Fries restaurants are owned by the subsidiary, the parent company and also are franchised to independent owner/operators. In this instant case, Defendant Five Guys Restaurants is the owner and operator of a "Five Guys Burgers & Fries" fast casual restaurant located at 1540 South Dixie Highway, Coral Gables, Florida 33146.

6. Defendants Federico Jen and W Rosita H De Jen are the husband-and-wife joint owners of commercial real property identified as Folio 03-4130-009-0650, which is more commonly known as at 1540 South Dixie Highway, Coral Gables, Florida 33146.

Defendants Federico Jen and W Rosita H De Jen are also referenced as "Defendants Jen," "Owner," or "co-Defendant").

## FACTS

7. At all times material hereto, Defendants Jen have leased their real property to Defendant Five Guys Restaurants who in turn has operated (and continues to operate) one of its Five Guys Burgers & Fries" brand fast casual restaurant within that leased space.

8. The Five Guys Burgers and Fries brand restaurant at 1540 South Dixie Highway Coral Gables is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2) as "[A] restaurant, bar, or other establishment serving food or drink." The Five Guys Burgers and Fries restaurant at 1540 South Dixie Highway Coral Gables is also referred to as Five Guys Burgers and Fries (on S. Dixie Highway)," "restaurant," or "place of public accommodation."

9. As the operator of a restaurant which is open to the public, Defendant Five Guys Restaurants is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a restaurant; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

10. As the owner of commercial property which is built out and utilized as a fast casual restaurant open to the general public, Defendants Jen are also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

11. Due to the close proximity to Plaintiff's home to the Five Guys Burgers and Fries on S. Dixie Highway, on January 22, 2022 Plaintiff personally visited the restaurant to purchase a meal and test the public accommodation for compliance with the ADA/ADAAG.

12. Plaintiff was denied full and equal access to the Five Guys Burgers and Fries restaurant on S. Dixie Highway due to the non-compliant parking lot. Further, when Plaintiff had occasion to visit the restroom, he encountered barriers to access because he perambulates with a wheelchair.

13. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by the operator of that restaurant (Defendant Five Guys Restaurants) and by the owner of the commercial property which houses the restaurant (Defendants Jen).

14. As the owner and operator of a multitude of Five Guys Burgers and Fries restaurants and as a subsidiary of a parent company which has over 1,500 owned and franchised Five Guys Burgers and Fries restaurants throughout the world, Defendant Five Guys Restaurants is well aware of the ADA and the need to provide for equal access in all areas of its restaurants. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its Five Guys Burgers and Fries on S. Dixie Highway restaurant is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

15. As the owner of commercial real property part which is operated as a popular chain fast casual restaurant open to the public, Defendants Jen are each a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2). On information and belief, Defendants Jen are aware of the ADA and the need to provide for

equal access in all areas of their commercial properties which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons at its commercial properties by insuring that it is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

16. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

17. Plaintiff continues to desire to patronize the Five Guys Burgers and Fries restaurant on S. Dixie Highway, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

18. Any and all requisite notice has been provided.

19. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

21. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

22. Prior to the filing of this lawsuit, Plaintiff personally visited the Five Guys Burgers and Fries restaurant on S. Dixie Highway with the intention of patronizing and testing that restaurant, but as a disabled individual who utilizes a wheelchair for mobility, Plaintiff has been denied adequate accommodation by virtue of being unable to park and navigate into that restaurant and the restaurant's inaccessible restroom features, and therefore has suffered an injury in fact.

23. Defendants Jen and Defendant Five Guys Restaurants have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the restaurant, in derogation of 42 U.S.C. §12101 *et seq.*, and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

24. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the Five Guys Burgers and Fries restaurant.

25. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. However, Defendants Jen (owner of the commercial property) and

Defendant Five Guys Restaurants (operator of the restaurant within that commercial property) have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

26. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

27. The commercial property owned by Defendants Jen and which houses the Five Guys Burgers and Fries restaurant (as operated by Defendant Five Guys Restaurant) is in violation of 42 U.S.C. §12181 *et seq.*, the ADA and 28 C.F.R. §36.302 *et seq.*, and both the owner and the operator are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

   i. As to Defendant Five Guys Restaurants (operator of the restaurant) and Defendants Jen (owner of the property) (jointly and severally), Plaintiff had difficulty exiting his vehicle, as the designated accessible parking spaces are located on an excessive slope (which is over 2.1%). Section 502.4 states that parking spaces shall comply with Section 302, changes in level are not permitted. Defendants are also in violation of Section 4.6.3 of the ADAAG which states that parking spaces shall be level with surface slopes not exceeding 1:50 (2%) in all directions. Failure to provide accessible means of egress from the parking area to the entrance of the restaurant due to the slope of the accessible parking spaces a violation of 2010 ADA Standards

7

       for Accessible Design Sections 207.1 (general compliance with building codes) and 502.4. Section 502.4 states that parking spaces shall comply with Section 302.

ii. As to Defendant Five Guys Restaurants (operator of the restaurant) and Defendants Jen (owner of the property) (jointly and severally), Plaintiff had difficulty perambulating into the restaurant using the ramp, as the ramp does not provide the required edge protection. Failure to provide edge protection on the ramp is a violation of Section 4.8.7 of the ADAAG and Section 405.9 of the 2010 ADA Standards for Accessible Design. Section 4.8.7 states that ramps and landings with drop-offs shall have curbs, walls, railings, or projecting surfaces that prevent people from slipping off the ramp and that curbs shall be a minimum of 2 in (50 mm) high. Section 405.9 states that edge protection shall be provided on each side of ramp runs and at each side of ramp landings.

iii. As to Defendant Five Guys Restaurants (operator of the restaurant) and Defendants Jen (owner of the property) (jointly and severally), Plaintiff had difficulty opening the restroom door, as it does not have the required door pressure. The restroom door opening force resulted in the need for excessive weight/force to open. This is violative Section 4.13.11 and other sections of the ADAAG. The door opening force shall not be greater than that delineated at 28 C.F.R. Part 36.211. The 2010 ADA Standards for Accessible Design Section 404.2.7 states that operable parts on doors and gates must comply with Section 309.4, and Section 404.2.9 states that the force required to activate the door shall be 5 pounds maximum. Section 404.2.8.1 requires that door and gate spring hinges must be adjusted so that the time to move the door to a position of 12 degrees from the latch is 5 seconds minimum.

    iv.    As to Defendant Five Guys Restaurants (operator of the restaurant) and Defendants Jen (owner of the property) (jointly and severally), Plaintiff had further difficulty opening the restroom door without assistance, as the required maneuvering clearance on the pull side of the door is not provided due to the encroaching trash bin. This is a violation of Section 4.13.6 of the ADAAG which states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case. This is also a violation of Section 404.2.4 of the 2010 ADA Standards for Accessible Design which states that minimum maneuvering clearances at doors shall comply with (the table at) 404.2.4. In this instance, the encroaching trash bin is in violation of the minimum required maneuvering clearances.

    v.    As to Defendant Five Guys Restaurants (operator of the restaurant) and Defendants Jen (owner of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can), which encroaches over the accessible water closet clear floor space. This is a violation of Section 4.16.2 of the ADAAG (which specifies the amount of space required at an accessible toilet, which includes clear floor space around fixtures) and Section 604.3.1 of the 2010 ADA Standards for Accessible Design which states that water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall).

    vi.    As to Defendant Five Guys Restaurants (operator of the restaurant) and Defendants Jen (owner of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not in the required location from the rear wall. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards for Accessible Design which states that the side wall grab bar shall be 42 inches (1065 mm) long minimum and located 12 inches (305 mm) maximum from the rear wall and extending 54 inches (1370 mm) minimum from the rear wall.

    vii.    As to Defendant Five Guys Restaurants (operator of the restaurant) and Defendants Jen (owner of the property) (jointly and severally), Plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the open side of the water closet. Because the flush valve is not mounted on the compliant side, this is in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards for Accessible Design.

    viii.    As to Defendant Five Guys Restaurants (operator of the restaurant) and Defendants Jen (owner of the property) (jointly and severally), Plaintiff could not use the paper towel dispenser without assistance, as it is not mounted in the required location so is out of reach of a disabled individual in wheelchair. This is a violation of 2010 ADA Standards for Accessible Design Section 308.2.1, which states that the accessible height for a forward reach dispenser shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor or ground and 308.2.2 states that where there is obstructed forward reach (when reach depth exceeds 20 inches), the high forward reach shall be 44 inches maximum and the

      reach depth shall be 25 inches maximum. In this instant case, the towel dispenser is obstructed and is higher than the high forward reach guidelines. This is a further violation of Section 4.2.5 (Fig 5) of the ADAAG, which states that when clear floor space only allows forward approach to an object, the maximum high forward reach allowed is 48 in (1220 mm) (Fig. 5(a)) and the minimum low forward reach is 15 in (380 mm) (Fig. 5(b)).

ix. As to Defendant Five Guys Restaurants (operator of the restaurant) and Defendants Jen (owner of the property) (jointly and severally), Plaintiff could not use the lavatory mirror as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards for Accessible Design which states that mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finished floor or ground and mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finished floor or ground.

28. Pursuant to the ADA, 42 U.S.C. §12101et seq. and 28 C.F.R. §36.304, Defendants (and each of them) are required to make the commercial property and the restaurant operated therein accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

29. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the commercial property and the restaurant therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against Defendants Federico Jen and W Rosita H De Jen (owners of the commercial property) and Defendant Five Guys Properties, LLC (operators of the Five Guys Burgers and Fries restaurant located within that commercial property) and requests the following injunctive and declaratory relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and the Five Guys Burgers and Fries restaurant located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 28th day of February, 2022.

        Respectfully submitted,

        */s/ J. Courtney Cunningham*
        J. Courtney Cunningham, Esq.
        J. COURTNEY CUNNINGHAM, PLLC
        FBN: 628166
        8950 SW 74th Court, Suite 2201
        Miami, Florida 33156
        Telephone: 305-351-2014
        Email: cc@cunninghampllc.com
        *Counsel for Plaintiff*